# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHARLES THATCHER,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　Respondents.<br>_____/ | CV F  05-0678 REC DLB HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION<br><br>[Doc. 1] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　The instant petition for writ of habeas corpus was filed on May 17, 2005.  Petitioner raises ten claims for relief including, ineffective assistance of appellate counsel, insufficient evidence, jury instructional error, cruel and unusual punishment, and trial court error.

A.　　Improper Respondent

　　　　A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court,

1

1  21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions
2  is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on
3  probation or parole, the proper respondent is his probation or parole officer and the official in
4  charge of the parole or probation agency or state correctional agency. Id.
5      In this case, petitioner names the People of the State of California as Respondent.
6  Although Petitioner is currently in the custody of the State, the State of California cannot be
7  considered the person having day-to-day control over Petitioner.
8      Petitioner's failure to name a proper respondent requires dismissal of his habeas petition
9  for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326,
10 1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd
11 Cir. 1976). However, in this case, the Court will give petitioner the opportunity to cure his defect
12 by amending the petition to name a proper respondent. See, West v. Louisiana, 478 F.2d 1026,
13 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)
14 (allowing petitioner to amend petition to name proper respondent); Ashley v. State of
15 Washington, 394 F.2d 125 (9th Cir. 1968) (same).
16 B.    Exhaustion of State Court Remedies
17     A petitioner who is in state custody and wishes to collaterally challenge his conviction by
18 a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).
19 The exhaustion doctrine is based on comity to the state court and gives the state court the initial
20 opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501
21 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.
22 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).
23     A petitioner can satisfy the exhaustion requirement by providing the highest state court
24 with a full and fair opportunity to consider each claim before presenting it to the federal court.
25 Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,
26 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair
27 opportunity to hear a claim if the petitioner has presented the highest state court with the claim's
28 factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

On the form petition, Petitioner indicates that he raised all but the ineffective assistance of appellate counsel claims on direct appeal to the California Supreme Court. Petitioner indicates that he filed a petition for writ of habeas corpus in the Tulare County Superior Court raising his ineffective assistance of appellate counsel claims. However, Petitioner does not indicate whether he sought relief at the California Supreme Court as to those claims. Because it is unclear if all of the claims presented in the instant federal petition for writ of habeas corpus were exhausted in the state's highest court, Petitioner will be ordered to show cause regarding exhaustion. If possible, Petitioner should present to the Court documentary evidence that the claims were indeed presented to the California Supreme Court.[1]

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order Petitioner SHALL SHOW CAUSE why the Petition should not be dismissed by AMENDING the Petition to name a proper respondent. To comply with this directive petitioner need only submit a pleading titled "Amendment to Petition" in which he amends the petition to name a proper respondent. As noted above, that individual is the person having day to day custody over petitioner - usually the warden of the institution where he is confined. The Amendment should be clearly and boldly captioned as such and include the case number; and

2. Within thirty (30) days from the date of service of this order, Petitioner shall show

---

[1] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion. The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

3

1 | cause as to what claims, if any, were presented to the state's highest court; and

2 | 3. Failure to comply with this order may result in the action be dismissed for failure

3 | to comply with a court order.  Local Rule 11-110.

4 | IT IS SO ORDERED.

5 | **Dated:     June 16, 2005**                             /s/ Dennis L. Beck
   | 3b142a                                                  UNITED STATES MAGISTRATE JUDGE